UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HEATHER YORK, | : | Case No. 3:12-cv-188 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 19) IN ITS ENTIRETY; (2) AFFIRMING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; AND (3) TERMINATING THIS CASE

Plaintiff Heather York brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. On March 3, 2013, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations recommending that the Commissioner's non-disability determination be affirmed and this case be terminated. (Doc. 19). Neither party filed objections to the Report and Recommendations of the Magistrate Judge and the time for doing so has expired. The case is now ripe for decision.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence is more than a

mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

This Court must also determine whether the ALJ applied the correct legal criteria. *Bowen*, 478 F.3d at 745-46. This second judicial inquiry may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id.* (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, based upon a *de novo* review, the reasoning and citations of authority set forth by the Magistrate Judge (Doc. 19), and the absence of objections by the parties, the Court: (1) **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 19) in its entirety; (2) **AFFIRMS** the ALJ's non-disability finding; and (3) **TERMINATES** this case.

**IT IS SO ORDERED.**

Date: 4/2/13

*Timothy S. Black*
Timothy S. Black
United States District Judge